WISCONSIN ZINC COMPANY, Respondent, vs. FIDELITY & DEPOSIT COMPANY OF MARYLAND, Appellant.

*November 19, 1915—January 11, 1916.*

*Insurance: Indemnity: Employer's liability: Construction of contract: Settlement of claims: Exclusive right of insurer: Agency: Failure to make settlement: Recovery of larger amount: Liability to assured: Negligence: Bad faith: Pleading: Complaint: Sufficiency.*

1. When the language used in an insurance contract is unambiguous, its usual and ordinary meaning should be attributed to it.
2. The parties to an insurance contract for indemnity against loss by reason of injuries to employees have a right to insert such

provisions therein as they see fit, so long as those provisions do not contravene public policy; and the courts have no power to add or subtract anything from the contract actually made, but must so interpret it as to carry out the intention of the parties.

3. Where in such a contract the insurer reserves the exclusive right to settle any claim or suit against the assured, but does not expressly assume any duty to make settlements or to exercise ordinary care in negotiating them, the right so reserved is a mere option which may be exercised to its full extent by the insurer for its own benefit and advantage, provided it acts in good faith.

4. Such a contract creates no agency of the insurer for the assured in respect to the making of settlements, in any sense that would make it the duty of the insurer to act for the interest of the assured rather than for its own interest.

5. Under such a contract, limiting to $5,000 the insurer's liability on account of injury or death of a single employee, the insurer was not bound to settle a claim which could have been settled for $5,000 or less; and although the claimant afterwards recovered a much larger judgment against the assured, the insurer was not liable to the assured for more than $5,000 either on the contract or on the ground that it had not exercised ordinary care, prudence, and judgment in respect to the making of a settlement.

6. But in such a case, while the insurer may consult what it deems to be its own interest in respect to making a settlement, if it acts in bad faith and thereby perpetrates a fraud upon the assured it will be liable for the loss caused thereby.

7. Construed with great liberality the complaint in this case is *held*, on demurrer, to state a cause of action based on bad faith and fraud of the insurer in failing to settle for $5,000 or less the claim of an injured employee who afterwards recovered judgment for $12,500.

APPEAL from an order of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed in part; reversed in part.*

The complaint in this case sets out three causes of action arising out of the same transaction: one on contract, one in tort, and one based on fraud. The defendant demurred to each of said causes of action, on the ground that the complaint did not state facts sufficient to constitute a cause of action. A demurrer was also interposed on the ground that

several causes of action were improperly united.   The court, in deciding the demurrer, stated: "I have specially considered the cause of action set forth in the third count of the complaint, and as to that I am satisfied that the demurrer is not well taken."   An order was accordingly entered overruling the demurrer, from which order the defendant appeals.

The first cause of action alleges the corporate capacity of plaintiff and defendant, and that plaintiff is in the mining business and that defendant is engaged in the business of writing casualty and indemnity insurance and duly licensed to transact business in the state of Wisconsin.   The complaint then sets forth that in March, 1912, the plaintiff and defendant entered into a contract of indemnity insurance, whereby for value received the defendant agreed to indemnify the plaintiff against loss for one year from liability imposed by law upon the plaintiff for damages on account of bodily injuries or death suffered by its employees, subject to the limitation of $5,000 for loss from an accident resulting in bodily injuries to or in the death of one person; that defendant undertook to settle or defend in the name and on behalf of plaintiff any suit brought against it to enforce a claim, whether groundless or not, for damages on account of bodily injuries or death suffered by any of its employees within the period covered by the policy; that in October, 1912, one Clyde Mayhew, an employee of the plaintiff, suffered a severe bodily injury which resulted in the loss of his right arm; that such injury was caused by said Mayhew coming in contact with an insufficiently guarded belt and was one for which liability was imposed by law upon the plaintiff and was covered by the policy of insurance; that under the terms of said policy settlement of all claims and the defense of all suits brought thereon was left exclusively in charge or under the control of the defendant; that said Mayhew made claim against the said plaintiff for the sum of $5,000 and offered to settle with the plaintiff and release all his claim for dam-

ages upon payment of said sum, which sum was a fair and reasonable amount for said injury; that the defendant was so informed, and plaintiff performed all the conditions of the contract on its part to be performed; that notwithstanding the fact that it was an injury for which liability was imposed by law, and the defendant had undertaken on plaintiff's behalf the exclusive control and management of said claim and negotiations for settlement thereof, the defendant refused and failed to settle with said Mayhew; that thereafter suit was brought by said Mayhew against the plaintiff to recover damages in the sum of $25,000; that before trial said Mayhew offered to settle his claim and dismiss the suit and release all claim for damages against the plaintiff herein upon payment of the sum of $4,000, and that such offer was made to a duly authorized representative of the defendant; that said defendant failed and refused to carry out its contract and permitted the said suit to go to judgment, and that judgment was rendered therein against the plaintiff for the sum of $12,500 and taxable costs; that thereafter said suit was appealed to the supreme court of the state of Wisconsin and the judgment rendered therein was affirmed; that thereafter plaintiff was compelled to pay said Mayhew in satisfaction of said judgment the sum of $7,500 in addition to the $5,000 and interest contributed by the defendant, and that defendant has refused to reimburse the plaintiff to the extent of $7,500; that notwithstanding the defendant by its contract had agreed to indemnify the plaintiff to the amount of $5,000 in addition to all interest on the verdict and all costs, against all damage from liability imposed by law as alleged herein, and to defend or settle all suits brought on said claims, the said defendant, although it had an opportunity to do so, wholly failed and refused to make settlement and thus indemnify said plaintiff, and thereby occasioned said plaintiff damage to the amount of $7,500, and that payment of said sum has been demanded and refused.

The second cause of action reiterates substantially all of
the allegations found in the first cause of action, and in ad-
dition thereto alleges that the defendant negligently and care-
lessly failed and refused to settle with Mayhew, although it
knew, or could have known by the exercise of reasonable care,
that any suit brought upon said claim was attended with
great danger, as the accident was one for which liability was
imposed by law; that before trial said Mayhew offered to.
settle for $4,000, but that the defendant negligently and
carelessly failed and refused to carry out the contract in ref-
erence to making a settlement and negligently permitted said
suit to go to judgment, and that it was defendant's duty, hav-
ing undertaken in the plaintiff's behalf the exclusive control
and management of the claim and negotiations for settlement
and the defense of the suit, to conduct itself in respect to said
negotiations for compromise and management of the defense
of said suit with a reasonable degree of care, skill, and dili-
gence for the protection of plaintiff's interest; that the de-
fendant was negligent in the performance of the duties which
it assumed and wholly failed in the diligent performance
thereof, in that it entirely failed to conduct said negotiations
for settlement by way of compromise with reasonable skill
and diligence and negligently failed and refused to make a
reasonable offer of compromise or settlement with said May-
hew and negligently failed and refused to settle the claim be-
fore suit was brought, knowing, in the exercise of due care,
that said injury was one for which liability was imposed by
law, and failed and refused to cause said suit to be settled
and adjusted for the sum of $4,000, which could have been
done with the exercise of reasonable skill and diligence on the
part of the said defendant; that notwithstanding the defend-
ant had agreed to indemnify plaintiff from all damage from
liability imposed by law and had undertaken for a valuable
consideration to settle or defend said suit, said defendant
failed to use due and proper care and skill in adjusting said

claim and in performing the terms and conditions of said contract of insurance so as to save the plaintiff harmless as the defendant had contracted to do, and that by its unskilful and negligent conduct in the premises the plaintiff suffered damages in the sum of $7,500.

The third cause of action sets forth substantially all of the facts contained in the first cause of action and contains the following additional averments: That at the time of entering into the said contract and thereafter the defendant well knew the hazards attending litigation of the character in which it became involved with Mayhew, and knew, or in the exercise of reasonable care should have known, the hazards attending the Mayhew claim and the danger of a large judgment being obtained by said Mayhew against the plaintiff; that under the circumstances and under its obligation to act in the settlement and defense of such claims in the name and on behalf of the plaintiff, it was the duty of the defendant to have settled said claim for $5,000, but that defendant, instead of acting on behalf of plaintiff in the matter, assumed a position hostile to plaintiff and plaintiff's interest, and, acting, not in behalf of plaintiff, but in its own interest and behalf, and in bad faith and fraudulently towards plaintiff, failed and refused to take advantage of the offer of settlement and refused to make said settlement, despite the fact that plaintiff, realizing the seriousness of the case and believing it was one in which it was liable, offered to pay one third of any amount necessary to be paid in order to effect a settlement; that said defendant in bad faith refused to act in behalf of the plaintiff in the matter of the settlement of the Mayhew suit and refused to make any offer of settlement or compromise with Mayhew, although frequently requested so to do; that after suit was commenced said Mayhew offered to settle for $4,000, but that said defendant in bad faith toward plaintiff, acting not on behalf of plaintiff, but in its own behalf and interest, and wholly disregarding and in hostility to the interest of the

plaintiff, refused to accept the offer of compromise last afore-
said, despite the fact that it was a reasonable amount for the
compromise of said suit, considering the nature and circum-
stances of the injury and the law of the state of Wisconsin
relating thereto and the danger of a much larger judgment
being obtained by Mayhew, and despite the fact that the
plaintiff herein informed the defendant of the dangers at-
tending the suit of said Mayhew and requested that said set-
tlement be made and offered to contribute one third of the
amount demanded; that defendant, acting wrongfully to-
ward plaintiff, permitted said suit to go to judgment, to the
plaintiff's damage in the sum of $7,500.

The insurance policy was made a part of the complaint.
The provisions of the same material to a consideration of the
questions raised on the appeal are the following:

"*Fidelity and Deposit Company of Maryland* . . . herein
called the company . . . does hereby agree

"(1) To indemnify *Wisconsin Zinc Company* of Platte-
ville, . . . herein called the assured, against loss from the
liability imposed by law upon the assured for damages on ac-
count of bodily injuries or death suffered—(a) by any em-
ployee . . . of the assured while engaged in the occupation
and at the places named in statement numbered 4 of said
schedule during the prosecution of the work described in said
schedule.

"(2) To defend in the name and on behalf of the assured
any suit brought against the assured, to enforce a claim,
whether groundless or not, for damages on account of bodily
injuries or death suffered, or alleged to have been suffered,
by any person described in subsections (a) [employee of the
assured]. . . .

"A. The company's liability for loss from an accident re-
sulting in bodily injuries to or in death of one person is lim-
ited to five thousand dollars, and, subject to the same limit
for each person, the company's total liability for loss from
any one accident resulting in bodily injuries to or in the
death of more than one person is limited to ten thousand dol-
lars.   The expenses incurred by the company in defending

any suit, including the interest on any verdict or judgment and any costs taxed against the assured, will be paid by the company irrespective of the limit expressed above.

"B. Upon the occurrence of an accident the assured shall give immediate written notice thereof, with the fullest information obtainable at the time, to the company, at its home office in Baltimore, Maryland, or to its authorized representative. If a claim is made on account of such an accident the assured shall give like notice thereof with full particulars. If thereafter any suit is brought against the assured to enforce such a claim, the assured shall immediately forward to the company at its home office every summons or other process as soon as the same shall have been served upon him. The company reserves the right to settle any claim or suit. Whenever requested by the company, the assured shall aid in securing information, evidence and the attendance of witnesses; in effecting settlements; and in prosecuting appeals. The assured shall at all times render to the company all co-operation and assistance within his power."

"E. The assured shall not voluntarily assume any liability; nor interfere in any negotiations or legal proceedings conducted by the company on account of any claim; nor, except at his own cost, settle any claim; nor, without the written consent of the company previously given, incur any expense; except that he may provide at the time of the accident, and at the cost of the company, such immediate surgical relief as is imperative."

"K. No action shall be brought against the company under or by reason of this policy unless it shall be brought by the assured for a loss, defined hereunder, after final judgment has been rendered in a suit, described hereunder, and within two years from the date of such judgment, to wit, for a loss that the assured has actually sustained by the assured's payment in money—(a) of a final judgment rendered after a trial in a suit against the assured for damages on account of the negligence of the assured; (b) of the expenses (excluding any payment in settlement of a suit or judgment) incurred by the assured in the defense of a suit against the assured for damages on account of the negligence or alleged negligence of the assured. The company does not prejudice by

this condition any defenses against such action that it may be entitled to make under this policy."

For the appellant there was a brief by *Williams & Stern,* and oral argument by *Burdette F. Williams.*

For the respondent there was a brief signed by *Kopp & Brunckhorst,* attorneys, and *A. P. Hebard,* of counsel, and oral argument by *Arthur W. Kopp.*

BARNES, J. The rights of the parties to this litigation rest upon the insurance contract which existed between them. A determination of the true intent and meaning of that contract is therefore essential. When the language used is unambiguous, its usual and ordinary meaning should be attributed to it. *Imperial F. Ins. Co. v. Coos Co.* 151 U. S. 452, 14 Sup. Ct. 379; *Rumford Falls P. Co. v. Fidelity & C. Co.* 92 Me. 574, 43 Atl. 503. There are four provisions of the policy which should be particularly considered in deciding the case. Two relate to positive undertakings of the defendant; one to a like undertaking of the plaintiff; and one to a right reserved by the defendant. The defendant agreed to indemnify the plaintiff for injury to a single employee to an amount not exceeding $5,000 and to pay the expenses incurred in defending any suit which might be brought, interest on the verdict, and taxable costs. But no action could be maintained against defendant by the insured under or by reason of the policy unless begun to recover a loss defined thereunder after final judgment had been rendered in an action brought by the injured employee against the employer. The defendant further agreed to defend in the name and on behalf of the insured any suit brought against it for damages on account of bodily injuries to its employees. The insured agreed not to voluntarily assume any liability nor interfere in any negotiations or legal proceedings conducted by the insurer; nor, except at its own cost and expense, to settle any claim; nor to incur any expense without the consent of the

company except for such immediate surgical relief as might be imperative. The insurer reserved the right to settle any claim or suit. In short, the defendant agreed to defend at its own cost any suit that might be brought, and to reimburse plaintiff to the extent of $5,000 on account of the damages that might be recovered and paid, together with interest and costs, and reserved the right to settle any claim or suit; and plaintiff on its part agreed not to make any settlement except at its own expense.

While the vast majority of claims for personal injuries to a single individual would not involve the payment of $5,000, still this limitation on liability is an important one to the insurer and one which presumably affects the amount of premium to be paid for indemnity. Responsibility on the part of the insured beyond the amount of the premium paid has also a tendency to induce caution in providing safety appliances and devices. The provision prohibiting the insured from making settlements is of even greater importance to the insurer. The matter is left with the party who pays all the indemnity in most cases and who pays a large part of it in the rest of them. It is pretty evident that if the insurer intrusted the matter of making settlements to its numerous policy-holders its existence would be precarious. We are all apt to be generous when it comes to spending the money of others. So long as the law countenances and to some extent encourages insurance of this character, the right of making voluntary settlements must, almost as a matter of necessity, rest with the insurer rather than with the insured. An insurance company could hardly be expected to do business on any other basis, because it furnishes the only safeguard available against the payment of excessive damages.

When the defendant assumed the defense of the action and paid the cost of the litigation and interest on the verdict and contributed $5,000 toward the payment of damages, it complied with all the obligations which it expressly assumed, un-

less it be held that the defendant was bound to protect the plaintiff by settling every claim where settlement could be made for $5,000 or less. This latter suggested construction of the contract we deem to be entirely untenable. There is no agreement on the part of the defendant to settle any claim and no duty imposed upon it to do so, unless such agreement or duty is implied or is to be inferred from the provisions which prevented the plaintiff from settling and reserved the right in the defendant to make settlement.

The plaintiff seeks to sustain its first cause of action on the theory that defendant by its contract obligated itself to settle the claim in question because settlement could be made for $5,000 or less and the plaintiff thus relieved of liability. As to the second cause of action, it is urged that defendant, having obligated the plaintiff not to settle and having reserved to itself the right to do so, was bound to exercise ordinary care, prudence, and judgment in making a settlement, and if it failed to do so it was guilty of a wrong for which recovery might be had. In this connection it is further urged that by the insurance contract the plaintiff constituted the defendant its agent for the purpose of making settlements, and that for a breach of duty in failing and refusing to make a settlement advantageous to the plaintiff in this case it is liable to its principal.

There is no liability on the insurance contract under its provisions until a judgment is recovered by an employee and is paid by the insured. *Stenbom v. Brown-Corliss E. Co.* 137 Wis. 564, 119 N. W. 308; *Cornell v. Travelers Ins. Co.* 175 N. Y. 239, 67 N. E. 578; *Carter v. Ætna L. Ins. Co.* 76 Kan. 275, 278, 91 Pac. 178, and cases cited; *Allen v. Ætna L. Ins. Co.* 145 Fed. 881, 76 C. C. A. 265, and cases cited. There is no language in the policy that can fairly be construed to mean that defendant obligated itself to settle any and all claims that might be settled for $5,000 or less. No case is called to our attention where any such construction

has been placed on similar contracts, and we doubt if any can be found. One or two cases are cited as so holding, but they do not do so. The courts which have passed upon questions akin to those arising on the first and second causes of action in cases involving similar contracts, correctly hold that the parties to the contract have a right to insert such provisions therein as they see fit, so long as those provisions do not contravene public policy, and that the courts have no power to add to or subtract anything from the contract actually made, but must so interpret it as to carry out the intention of the parties. They further hold that the parties may agree, and that under such contracts they do agree, that the insurer shall have the exclusive right to settle claims and that this right may be exercised to its full extent by the insurer for its own benefit and advantage, subject to the qualification that it acts in good faith. *Rumford Falls P. Co. v. Fidelity & C. Co.* 92 Mé. 574, 43 Atl. 503; *Schmidt v. Travelers Ins. Co.* 244 Pa. St. 286, 288, 289, 90 Atl. 653; *Munro v. Maryland C. Co.* 48 Misc. 183, 96 N. Y. Supp. 705; *New Orleans & C. R. Co. v. Maryland C. Co.* 114 La. 153, 38 South. 89 (see note to this case, 6 L. R. A. n. s. 562–564); *Schencke P. Co. v. Philadelphia C. Co.* 142 N. Y. Supp. 1143. This case was affirmed without opinion, and was again affirmed without opinion in the court of appeals on October 26, 1915. We have been favored with the briefs in that court, and from them it appears that the action was one brought to recover for failure to exercise proper care and diligence in making a settlement which would have proved advantageous to both the insured and the insurer had it been made.

The parties here might, if they so willed, agree that the defendant should settle whenever settlement would prove advantageous to the assured, or that it would exercise ordinary care in negotiating settlements. The reservation of a right to settle is a mere option, which, however, cannot be used for fraudulent purposes. We can find nothing in the contract

by which defendant agreed to make any settlement, nor whereby it agreed to exercise ordinary care in the matter of negotiating settlements. It would be an arbitrary assumption to say that the parties intended that their contract should contain such important provisions and still omitted any express mention of them. The first two causes of action are based on these propositions.

There are two classes of cases relied on by the plaintiff, neither of which affects the questions before us. One of them has arisen where the insurer in violation of its contract obligation refuses to assume the defense of an action. There it is held that the insurance company by breaching its contract releases the assured from its obligation not to settle, and that upon such breach the assured may make any reasonable settlement that prudence and good judgment would dictate and that the insurer becomes liable for the amount paid, not exceeding the limit of the indemnity which it agreed to furnish. *St. Louis D. B. & P. Co. v. Maryland C. Co.* 201 U. S. 173, 26 Sup. Ct. 400; *Butler Bros. v. American F. Co.* 120 Minn. 157, 139 N. W. 355; *Interstate C. Co. v. Wallins Creek C. Co.* (Ky.) 176 S. W. 217. In the other class of cases it is held that the insurer, having agreed to assume and conduct the defense of actions brought to recover damages for injuries, assumes the obligation of conducting such defense with ordinary care, skill, and prudence, and that if it fails to do so it is guilty of actionable negligence for which there may be a recovery. These cases are based on the unquestionably sound doctrine that where there is a negligent breach of a legal duty the injured party has a remedy. *Attleboro Mfg. Co. v. Frankfort M. A. & P. G. Ins. Co.* 171 Fed. 495, and cases cited. There is a legal duty to defend. Here there is a right reserved to settle, but no legal duty is assumed to exercise ordinary care in making a settlement.

The question of agency is relied on and is discussed at some length. The language of the contract does not war-

rant the conclusion that the defendant was intended to be made the agent of the insured for the purpose of making a settlement. The relation which the parties occupied to one another forbids such a construction. If defendant was the agent of the plaintiff, then it would be its duty as such to use its best efforts to further the interests of the plaintiff. Such duty would obligate it to settle all claims that might be compromised for $5,000 or less, where there was any probability of a larger recovery in the event of suit. It would require the defendant in every case where its interest came in contact with that of the insured to disregard its own interest. It is plain enough that under a contract of insurance like the one under consideration the interests of the insured and insurer may at times be hostile and adverse. This is such a case. It was clearly to the advantage of the plaintiff that settlement be made. If defendant believed that there was a meritorious defense to the action and that the case was one where recovery was doubtful or improbable, it was for its interest to contest the case. It might avoid liability altogether, and in the event of defeat would not be called upon to pay much more than if it settled. It either had the right to consider its own interests as being paramount or it had not. Under the language of the policy we think it had such right. If it had, there was no agency, at least in the sense claimed, because if defendant had the right to decide whether its interests would be best subserved by settling or contesting the claim, then in the nature of things it could not be the agent of some one else for the purpose of making a settlement and charged with the duty of doing so if settlement was desirable from the standpoint of the principal. The two ideas are entirely incompatible.

We hold as to the first cause of action that the contract, fairly construed, did not obligate the defendant to settle claims where settlement could be made for $5,000 or less. We hold as to the second cause of action that there was no

legal duty on the part of the defendant to settle and hence there could be no breach of such a duty and that no foundation is laid for an action in tort.

This brings us to a consideration of the third cause of action. The insurance contract in question places the insured at a serious disadvantage in the matter of settling claims in cases where only partial indemnity is afforded. The policy-holder is unable to protect himself from heavy loss unless he is able to settle his liability over and above the amount for which he is indemnified, and there may be some question about his even having this right under his contract. The power of settlement given the insurer cannot be used for the purposes of fraud or oppression, and the courts, in so far as they have passed upon the question, hold that the power conferred must not be exercised in bad faith. Some of the decisions heretofore cited imply that for such there may be a recovery, and we entertain no doubt that this is the true rule. Indeed the defendant does not claim otherwise. The difficulty with the complaint in this particular is its paucity of allegation of specific facts tending to show bad faith. It is argued by the appellant that this count in the complaint does nothing more than charge that there was a legal duty on the part of the defendant to consider the interests of both parties in making the settlement, and that it considered its own interests only and ignored those of the plaintiff and that such action constituted bad faith. If we were convinced that this construction is correct, then we would have to sustain the demurrer, because such a conclusion would be drawn from an interpretation of the contract not warranted in law. But we think such a construction would be rather narrow and technical. Pleadings are now construed on demurrer with exceeding liberality. No motion has been made to make the complaint more definite and certain. In deciding on whether a good cause of action is stated in the third count we are not at liberty to look into the record on the appeal in the *Mayhew*

Case [*Mayhew v. Wis. Z. Co.* 158 Wis. 112, 147 N. W. 1035] to determine whether or not the plaintiff may be able to prove a case of bad faith. We are of the opinion that the allegations are broad enough to enable the plaintiff to prove such a case if the necessary facts to make it out exist. While the defendant had the right to consult what it deemed to be its own interest in making a 'settlement, it could not abuse the power vested in it and recklessly and contumaciously refuse to settle if it was apparent that in all reasonable probability its conduct would not only result in damage to the plaintiff but also in loss to itself. Neither could it exercise the right conferred for the purpose of perpetrating a fraud on the plaintiff. Inasmuch as plaintiff is entitled to submit its proofs under this count of the complaint, we forbear any extended discussion of the evidence essential to establish a cause of action. The order of the court in effect overrules the demurrer to all three of the causes of action alleged in the complaint.

*By the Court.*—That part of the order overruling the separate demurrers to the first and second causes of action is reversed and the remainder of the order is affirmed, and the cause remanded with directions to sustain the demurrers to the first and second causes of action. No costs are allowed either party, except that respondent is required to pay the clerk's fees.