114 So.2d 469 (1959)
CANAL INSURANCE COMPANY, OF GREENVILLE, SOUTH CAROLINA, a corporation, Appellant,
v.
Hezekiah STURGIS, Appellee.
No. B-155.
District Court of Appeal of Florida. First District.
September 8, 1959.
Rehearing Denied October 2, 1959.
Decision Certified November 17, 1959.
Boyd, Jenerette & Leemis, Jacksonville, and Cobb, Cole & Pierce, Daytona Beach, for appellant.
Wesley A. Fink, Daytona Beach, for appellee.
Lazonby, Dell, Graham & Willcox, Gainesville, amicus curiae.
Decision Certified November 17, 1959. See 115 So.2d 774.
CARROLL, DONALD K., Judge.
There has been certified to this court by the Circuit Court of Volusia County the following question:
Where plaintiff in an automobile accident suit has recovered a judgment in excess of *470 the policy limits of the defendant's insurance policy, and where said policy contains the following provision:
"any person or organization, or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."
And where plaintiff has received payment of said policy limits but holds an unsatisfied judgment as to the excess, may the plaintiff maintain a suit directly against the insurer for recovery of the judgment beyond the limits of the policy, based upon the alleged negligence or bad faith of the insurer in the conduct or handling of said suit.
The Florida Appellate Rule, 31 F.S.A., governing our actions in matters of this kind is as follows:
"Rule 4.6 Certified Questions
"a. When Certified. When it shall appear to a judge of the lower court that there is involved in any cause pending before him questions or propositions of law that are determinative of the cause and are without controlling precedent in this state and that instruction from the Court will facilitate the proper disposition of the cause, said judge, on his own motion or on motion of either party, may certify said question or proposition of law to the Court for instruction."
The appellee, Hezekiah Sturgis, contends that the question propounded is not properly certifiable under the rule for the reason that the decision of the Florida Supreme Court in Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852, 855, is a controlling precedent in this state and is determinative of the question, answering it in the affirmative.
Analyzing the Shaw case, it does appear on the surface to sustain the appellee's contention, for the cause of action alleged in the second count of the declaration involved in that case is substantially similar to that stated in the certified question. In its opinion, however, the Court did not specifically approve such a cause of action, holding only that the evidence at the trial under the second count was insufficient and granting a new trial.
A closer examination of the Shaw case leads us to the conclusion that the decision therein is not a controlling precedent on the certified question before us. It is axiomatic, of course, that every judicial decision must be read in the light of the particular factual situation that gave rise to that decision. Analyzing the facts in the Shaw case, we find that the insurance policy involved therein contained this significant provision:
"Insolvency or Bankruptcy of Assured. The insolvency or bankruptcy of Assured shall not release the Company from any payment otherwise due hereunder, and if, because of such insolvency or bankruptcy, an execution on a judgment against Assured is returned unsatisfied, the judgment creditor shall have a right of action against the Company to recover the amount of said judgment to the same extent that Assured would have had if he paid the judgment. * * *"
It was shown in the case that a judgment was obtained against the insured and an execution was returned unsatisfied, and thus the provision just quoted came into play. The judgment creditor then had "a right of action against the Company to recover the amount of said judgment to the same extent that Assured would have had if he paid the judgment." Apparently the Supreme Court considered that the insured's right of action against the insurer for negligence and bad faith for not paying or settling the claim against it, was part of the cause of action accruing to the judgment creditor under the quoted provision when the judgment was returned unsatisfied.
*471 The comparable provision in the policy as set forth in the certified question before us is distinctly different, we think, from that in the Shaw case. The provision involved here is that the judgment creditor shall be "entitled to recover under this policy to the extent of the insurance afforded by this policy."
In our opinion, the "insurance afforded by this policy" should be construed to mean the insurance provided by the policy up to the policy limits. As we view it, the amount in excess of the policy limits which an insured might in a proper case be able to recover against the insurer because of its negligence or bad faith in failing to compromise or settle a claim, is not truly of the character of "insurance", but rather constitutes damages resulting from the insurer's tort or breach of contract.
Many logical reasons will occur to the legal mind why the certified question should be answered in the negative. No one can today question the legal right of the insured to sue the insurer for negligence or bad faith in failing to settle a claim within the policy limits for, if he has had to pay a part of the judgment, he has indeed suffered damages because of such failure of the insurer; but, when the judgment creditor directly so sues the insurer for an amount above such limits, a vastly different situation exists in the eyes of the law. The judgment creditor has not suffered because of the insurer's failure, but has, if anything, gained thereby. The judgment creditor would be in an anomalous position, for typically he would be claiming damages for the insurer's failure to settle the case for much less than the verdict he himself actually won.
Our analysis of the Shaw case and our conclusions therefrom coincide with the views set forth in a law review article on the subject of a claimant's cause of action against a public liability insurer, as follows:
"Has claimant a cause of action in his own right? Some policies have contained a provision that claimant, after writ of execution against insured is returned unsatisfied, may recover against company to the same extent as could insured if he had paid the judgment; such provision has been construed as applying to the recovery to which insured would have been entitled under the doctrine of excess liability [citing the Shaw case and a federal case]. Typical policies now in use do not contain this provision; in the absence of such a policy provision, the courts have declined, as to the cause of action in excess of policy limits, to permit direct recovery by claimant against company. The excess liability of company arises out of the relationship between insured and company. Claimant is a stranger to that relationship. Not only is company without any duty to claimant to accept claimant's reasonable settlement offer, but also, if there is a sizeable disparity between the settlement offer and the amount of the judgment obtained in the trial which follows refusal of the offer, claimant is benefited rather than harmed by company's refusal to settle. It would therefore be anomalous to permit claimant to recover directly against company in his own right (in the absence of policy provision, such as the italicized phrase above, clearly having that meaning.)"  Robert E. Keeton in "Harvard Law Review", Vol. 67, page 1175 (May, 1954).
For a similar analysis see the recent case of Chittick v. State Farm Mutual Automobile Ins. Co., D.C., 170 F. Supp. 276.
Our research has revealed that most of the courts in this country that have passed on the question, recognize the rule that a judgment creditor has no cause of action against an insurer for an amount in excess of the limits of a public liability insurance policy because of the insurer's negligence or bad faith in failing to settle a claim, unless the policy gives him such a cause of action, as in the Shaw case. We *472 think this rule as stated is sound and we here adopt and follow it.
We therefore conclude that the plaintiff, under the facts stated in the certified question before us, cannot maintain the suit against the insurer.
The certificate is hereby granted, and the question certified by the Circuit Court is answered in the negative.
It is so ordered.
STURGIS, J., concurs.
WIGGINTON, Chief Judge (specially concurring).
I agree with the holding expressed in the majority opinion that the provisions of the insurance contract involved in the Shaw case[1] are so dissimilar in material respects to the provisions contained in the insurance contract under consideration in this case as to render the holding in Shaw inapplicable to the issue presented to us for decision.
In Shaw our Supreme Court construed the contract provision "* * * the judgment creditor shall have a right of action against the Company to recover the amount of said judgment to the same extent that Assured would have had if he had paid the judgment" to constitute the policy a third party beneficiary contract. Having so found, the court held that where a person engages another for a valuable consideration to do some act for the benefit of a third, the latter who would enjoy the benefit of the act may maintain an action for the breach of such engagement. The law operates upon the act of the parties, creates a duty, establishes a privity and implies a promise and obligation.
There is much force to the contention made by appellee that irrespective of its provisions, every automobile liability insurance policy should be construed as a third party beneficiary contract entitling a judgment creditor to recover in a direct action against the insured for the excess of his judgment over policy limits in those cases where the insurer is guilty of negligence or bad faith in handling the claim. This argument is predicated on the public policy of Florida as proclaimed in the Florida Financial Responsibility Law.[2] This Act requires as a condition to the privilege of operating a motor vehicle on the streets and highways of this state that the owner possess the financial ability to respond for any damages caused by the operation of his vehicle. The Act provides that automobile liability insurance shall constitute adequate proof of the required financial responsibility. The liability insurance furnished in accordance with the mandate of this law is primarily for the protection of and benefit to third parties. Under appellee's theory, liability insurance policies should therefore be construed as third party beneficiary contracts subject to enforcement by a judgment creditor in a direct action against the insurer under the rule announced in Shaw.
Appellee further contends that the foregoing principle is doubly applicable when, as in this case, an insurance contract covers a taxicab and was furnished pursuant to an ordinance which made it a condition precedent to operation that such insurance be procured for the protection of all persons suffering injury, loss or damage to person or property by reason of the operation of such taxicab. This argument is certainly not without merit.
I am of the view, however, that because of the persuasive authority on this subject from other jurisdictions, if as a matter of public policy automobile liability insurance is to be considered primarily for the benefit of third party beneficiaries subject to enforcement by judgment creditors under the rule announced in Shaw, it should be made so by legislative enactment and not by rule of court.
NOTES
[1] Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852.
[2] F.S. Chapter 324, F.S.A.