# Georgia Casualty Company v. Mann.

(Decided February 16, 1932.)

HENSON & TAYLOR and FRED C. FORCHT for appellant.

WORSHAM & KING for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On October 22, 1923, the Georgia Casualty Company issued to Aaron A. Mann, the owner of an automobile, a policy of insurance indemnifying him against loss arising or resulting from claims upon the assured for damages on account of bodily injuries accidentally suffered or alleged to have been suffered while the policy was in force, including death resulting at any time therefrom, by any person or persons, by reason of the ownership, maintenance, or use of any of the automobiles as enumerated and described in the schedule, and also against loss arising or resulting from claims upon the assured for damages on account of injuries to or the destruction of property of every description, except property of the assured or in charge of the assured, or any of his employees, or carried in or upon the automobiles covered

by the policy. In case of injuries to, or the death of, one person only, the liability of the company was limited to $5,000. In case of injuries to, or the death of, more than one person, the limit was $10,000. In addition to other provisions, the company agreed "to defend the assured and pay expenses and costs subject to the following conditions:

"Condition B. Upon the occurrence of an accident covered by this Policy, the Assured shall give immediate written notice thereof to the Company at its Home Office in Macon, Georgia, or to its duly authorized agent. If any claim is made on account of such an accident the Assured shall give like notice thereof. If any suit is brought to enforce such a claim the Assured shall immediately forward to the Company at its Home Office in Macon, Georgia, every summons or other process as soon as the same is served on him, and the Company shall defend such suit (whether groundless or not) in the name and on behalf of the Assured. All expenses (legal and otherwise) incurred by the Company in defending such suit and all court costs assessed against the Assured shall be paid by the Company (whether the verdict is for or against the Assured, regardless of the limits of liability expressed in the Schedule. The Assured shall always give to the Company all co-operation and assistance possible. The Company shall have the right to settle any claim or suit at its own cost at any time.

"Condition C. The Assured, whenever requested by the Company, shall aid in securing information and evidence and the attendance of witnesses and in effecting settlements and in prosecuting appeals, but the Assured shall not voluntarily assume any liability, either before or after an accident, nor shall he (without the written consent of the Company previously given) incur any expense or settle any claim, except at his own cost, nor interfere in any negotiations for settlement or in any legal proceedings conducted by the Company on account of any claim; except that the Assured may provide at the time of the accident (and at the cost of the Company) such immediate surgical relief as is imperative."

On March 17, 1924, at which time the policy was in force, Mann, while driving his automobile, accidentally collided with Frank W. Woodward, who was driving a horse and buggy, at the intersection of Green and Washington streets in Henderson. In addition to damages to his buggy and harness, and slight injuries to his head and body, Woodward suffered a broken leg and ankle. Within a short time thereafter Woodward brought suit against Mann to recover judgment for $10,000 for personal injuries, $5,000 for loss of time, $927 for physicians' bill and hospital expenses, $137 for damages to his buggy, and $25 for damages to his harness. Mann gave written notice to the company of the claim and suit, and the company through its attorneys took charge of and conducted the defense. The trial resulted in a verdict and judgment for $6,500. On appeal the judgment was affirmed. Mann v. Woodward, 217 Ky. 491, 290 S. W. 333. After the affirmance, the company paid to Mann the sum of $6,391.65; it being in full of the liability fixed by the policy, together with interest, costs, and the 10 per cent penalty award on the affirmance. The remainder of the judgment, amounting to $1,680, was paid by Mann.

Thereafter Mann brought this suit against the Georgia Casualty Company to recover the $1,680 paid by him. The grounds on which the recovery was sought were: The company had exclusive control of the litigation and the sole right to settle. It was informed that the case could be settled either for $3,500 or $4,000. The facts, which were investigated by the company, were such as to make it reasonably certain that a trial would result in a verdict in excess of $5,000. The company negligently refused to make the settlement, and elected to try the case, thus imposing on Mann a liability which he should not have been required to pay. In addition to developing all the facts in connection with the accident, there was evidence to show that the attorneys for Woodward stated that the case could be settled for $3,500 or $4,000, and that this fact was communicated to the insurer's attorney, who expressed the opinion that they had a good case and refused to settle for any sum greater than $1,500. The law given by the court is found in the following instructions:

"1. It was the duty of the defendant, Georgia Casualty Company, acting by and through its attor-

neys, in conducting the defense of the plaintiff, Aaron A. Mann, against the claim made against him by F. W. Woodward, to use such a degree of care and diligence in the preparation and handling of such claim as would usually be exercised by ordinarily prudent persons in the transaction of their own affairs, under circumstances the same or similar to those proven in this case; and a failure to exercise such care and diligence would amount to negligence on the part of the defendant.

"If you shall believe from the evidence in this case that the defendant or its attorneys acting for it, negligently failed or refused to make a settlement of said claim by paying to the said Woodward the sum of $3,500.00 or $4,000.00 after a fair investigation of said claim, when it had an opportunity to make such settlement, if such opportunity was afforded it, knowing, or in the exercise of a reasonable judgment, fairly anticipating that the said Mann was liable in damages to the said Woodward in excess of $5,000.00, the amount fixed by said policy, and that as a result of such action on the part of the defendant, the plaintiff was forced to and did expend the sum of $1,680.00 on account of such claim, you should find your verdict for the plaintiff in the said sum of $1,680.00. But unless you believe as above required you should find for the defendant.

"2. The defendant had the right to exercise a reasonable judgment in the handling of the claim in question, and if an ordinarily prudent person in the exercise of ordinary care, as defined in the first instruction, would have refused to settle said claim by paying on account thereof the sum of $3,500.00 or $4,000.00, then the defendant had the right to refuse such settlement and is not liable in damages for failure to do so."

From a verdict and judgment in favor of Mann for the amount sued for, together with interest and costs, the Georgia Casualty Company appeals.

This is not a case where the insurance company did not investigate the facts, or failed to make defense, or withdraw from the case, or was negligent in the conduct of the defense. Liability in excess of the policy is predicated on the sole ground that the insurance company was negligent in not compromising the case for $3,500 or

$4,000, which was either $1,500 or $1,000 less than the policy limit. Three views of the question have been taken by the courts: (1) Failure to settle imposes no liability in excess of the limit fixed by the policy. Rumford Falls Paper Co. v. Fidelity & Casualty Co., 92 Me. 574, 43 A. 503. (2) There is no liability in the absence of bad faith. Best Building Co. v. Employers' Liability Assurance Corp., 247 N. Y. 451, 160 N. E. 911, 71 A. L. R. 1464. (3) The insurance company is liable for mere negligence in refusing to settle. G. A. Stowers Furniture Co. v. American Indemnity Co. (Tex. Com. App.), 15 S. W. 544; Cavanaugh Bros. v. General Accident Fire & Life Assur. Corp., 79 N. H. 186, 106 A. 604. The ground on which liability is predicated for mere negligence is that the insurance company having exclusive control of the litigation, and the sole right to settle, is the agent of the insured, and therefore charged with the duty of exercising that degree of care that an ordinarily prudent person in his situation would exercise. At the outset it must not be overlooked that the insurance company is something more than the mere agent of the insured. Under the contract it occupies a twofold relation, one as insurer and the other as agent of the insured, and may look to its own interests as well as those of the insured, and what would be considered a compromise from the standpoint of the insured might not be a compromise from the standpoint of the insurance company. Then, too, the rule imposing on the agent liability for his failure to exercise ordinary care, diligence, and skill in attending to work of his principal does not ordinarily apply to mere errors of judgment after he has ascertained the facts. Weymer v. Belle Plaine Broom Co., 151 Iowa 541, 132 N. W. 27, Ann. Cas. 1913A, 451; Page v. Wells, 37 Mich. 415; Smith v. Fidelity & Columbia Trust Co., 227 Ky. 120, 12 S. W. (2d) 276, 62 A. L. R. 1353. In order to deal with the question from a more practical point of view, let us suppose that in this very case the insurance company had authorized its local counsel to defend or settle. Would it be contended for a moment that, although he exercised an honest judgment after ascertaining the facts, the company could recover of him the excess over what the case could have been compromised for on the ground that he failed to make the right choice? Clearly not. The gift of prophecy has never been bestowed on ordinary mortals, and as yet their vision has not reached such a state of perfection that they have the

power to predict what will be the verdict of the jury on disputed facts in a personal injury case. The verdict represents the composite judgment of the assenting jurors, and oftentimes is but the resultant expression of conflicting views. Common experience teaches us that, even where the injuries would justify a more substantial verdict, some of the jurors, doubting whether there is any liability at all, are not willing to go that far, but insist on the verdict as returned. Calling it negligence for an agent not to divine what would be the result of a jury trial on disputed evidence, and permitting a jury to determine the question not solely on the facts as presented to him, but in the light of the subsequent verdict of the jury, would carry his responsibility beyond the bounds of reason and further than the demands of justice require. There is no reason why a different rule should apply to the case in hand. The facts were investigated, the evidence on the question of liability was conflicting, and the most that can be said is that in refusing to settle, the insurance company committed a mere error of judgment for which it cannot be held liable.

In announcing this conclusion we do not mean to be understood as holding that under no circumstances may an insurer incur liability in excess of the limit fixed by the policy for its refusal to settle. The agent is always under the duty to exercise the utmost good faith toward his principal, and we agree with the courts that hold that, if an insurer in refusing to settle acts in bad faith, it may become liable in excess of the policy limit. What facts will constitute bad faith need not now be determined. It is sufficient for the purpose of this case to say that neither the facts pleaded nor proved showed bad faith on the part of the insurance company, and that its motion for a peremptory instruction should have been sustained.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.

Whole court sitting.