**Patsy Jane LEMONS, by and through Carlos Lemons, Plaintiff,**

v.

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, Defendant.**

**No. 885.**

United States District Court
E. D. Kentucky,
Covington Division.

Feb. 6, 1959.

bility insurance filed with the record. It is alleged in the complaint that while the insurance was in full force and effect the plaintiff was injured through the negligence of the policyholder. The plaintiff obtained a judgment in the Harrison County (Kentucky) Circuit Court in the amount of $27,659.03, no part of which has been paid. She now brings this action against the defendant to recover the face value of the policy in the sum of $5,500 and for an additional amount of $22,159.03, which represents the balance of the judgment she received in the state court. The basis of her claim for the sum over and above the face of the policy is set out in Paragraph 12 of her complaint which reads as follows:

> "The Plaintiff states that the failure of the Defendant to defend the action in this Court by this Plaintiff against William Moore, Jr., was a failure to exercise good faith or an action in bad faith by the Defendant herein sufficient to create liability on the part of the Defendant herein for the entire judgment irrespective of the policy limits."

I am of the opinion that the language quoted states a cause of action and the motion to strike should be overruled.

 A cursory examination of the complaint might indicate that the recovery, if any, must be limited to the face of the policy or the sum of $5,500. Since the jurisdiction of this court cannot be invoked for the recovery of any sum under $10,000, exclusive of interest and cost, there must be shown by a proper pleading that the plaintiff is asserting a sum in addition to the limitation of the policy. There is a well settled rule governing dismissal for want of jurisdiction that the sum claimed by the plaintiff controls if the claim is apparently made in good faith. If from the face of the pleadings it is apparent to a legal certainty that there could be no recovery of the amount claimed or if the court is satisfied from the whole record to a like certainty that the plaintiff's

Frank G. Gilliam, Robert L. Milby, Lexington, Ky., for plaintiff.

Stoll, Keenon & Park, Lexington, Ky., for defendant.

SWINFORD, District Judge.

██ This case is before the court on the defendant's motion to strike Paragraph 12 from the complaint. The motion should be sustained unless this paragraph of the complaint states a good cause of action. Conversely, if Paragraph 12, taken in the light of the whole pleading, states a good cause of action the motion should be overruled. The allegations of the complaint, for the purposes of this motion, are considered as true.

The plaintiff was a guest riding in the car of William Moore, Jr., who was the owner of the policy of automobile lia-

claim is colorable only then the complaint should be dismissed for want of jurisdiction. Fireman's Fund Ins. Co. v. Railway Express Agency, 6 Cir., 253 F.2d 780. That is not the case here as the plaintiff has set forth by her pleading a valid claim in law to the additional sum over and above the face of the policy.

■ The insurer is under a legal requirement to act in good faith in carrying out its commitments to the insured as expressed by the terms of the written contract or policy of insurance. If it acts in bad faith or fails to exercise good faith there is created a liability on the part of the insurer for the excess of the policy limit. American Surety Co. of New York v. J. F. Schneider & Son, Ky., 307 S.W.2d 192; Georgia Casualty Co. v. Mann, 242 Ky. 447, 46 S.W.2d 777.

■ In Kentucky, the insured, or one claiming through him, in order to recover a sum in excess of the provisions of the policy, is held to a high degree of proof to show fraud or bad faith on the part of the insurance company, but he does, nevertheless, have the right to make the claim and to his day in court on that issue. Georgia Casualty Co. v. Mann, supra; Ballard v. Citizens Cas. Co. of New York, 7 Cir., 196 F.2d 96.

"An insurance contract is no longer a secret, private, confidential arrangement between the insurance carrier and the individual but it is an agreement that embraces those whose person or property may be injured by the negligent act of the insured." Maddox v. Grauman, Ky., 265 S.W.2d 939, 942, 41 A.L.R.2d 964. See also Seaboard Mut. Casualty Co. v. Profit, 4 Cir., 108 F.2d 597, 126 A.L.R. 1105; 29 Am.Jur. 1083, p. 813; Seaton v. Pickens, 126 Tex. 271, 87 S.W.2d 709, 106 A.L.R. 512; Hynding v. Home Acci. Ins. Co., 214 Cal. 743, 7 P.2d 999, 85 A.L.R. 13, Annotation at page 39.

An order overruling the motion to strike in conformity with this memorandum is this day entered.