**Ruby HARROD, Administratrix of the Estate of Walter Coy Harrod, Appellant,**

v.

**MERIDIAN MUTUAL INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1964.

Rehearing Denied April 16, 1965.

Ephraim K. Lawrence, Jr., Chris Duvall, Louisville, for appellant.

J. Walter Clements, Louisville, for appellee.

STEWART, Judge.

The question to be resolved in this appeal is whether the insurer, under the facts presented, was guilty of bad faith in not settling a claim against its insured and thereby became liable for the amount of a judgment in excess of the limits of a policy issued by it.

On August 30, 1960, in Shelby County a collision occurred between the automobiles of Charles M. Drury and Walter Coy Harrod. Both persons were killed in this accident. Drury at that time had an automobile liability insurance policy with appellee, Meridian Mutual Insurance Company, herein referred to as "Meridian," with coverage of $10,000 for one person.

On August 31, 1960, by telephone, followed up by letter of September 6, 1960, Meridian turned the case over to Crawford & Company, who are independent adjusters in Louisville, for investigation and a report. On September 14, 1960, appellant, Ruby Harrod, qualified as administratrix of the estate of her deceased husband. Her counsel then was and now is Ephraim K. Lawrence, Jr., of Louisville.

On October 26, 1960, Lawrence sent out two identical registered letters, one to Meridian's office at Louisville, and the other to Crawford & Company, stating that:

" * * * We are willing to settle the case of the wrongful death of Mr. Harrod for the sum of $9,999.00. We are leaving this matter open for a period of ten (10) days for your answer, and we must hear from you no later than Saturday, November 5, 1960, or we will consider our offer of settlement refused."

The letter was received at the home office of Meridian at Indianapolis, Indiana, on October 28, 1960, and Meridian's district claims manager, J. T. Lettelleir, called Crawford & Company on the telephone and authorized the payment, if there could be no further saving. For some unexplained reason, however, Crawford & Company did not contact Lawrence within the named ten-day period. On November 12, 1960, Lawrence filed suit in Shelby County against the Charles M. Drury estate for $288,070.

On November 22, 1960, eighty-two days after the accident, Crawford & Company, upon the instruction of Lettelleir, offered the limit of $10,000 under the policy, both verbally and in writing. This was tendered as an open, continuing offer, and it was agreed between Lawrence and Berry Langford of Crawford & Company that no responsive pleading would have to be filed in the pending suit in Shelby County until a reasonable time after Lawrence had either accepted or rejected the offer.

On November 26, 1960, Lawrence wrote to Langford rejecting the offer of settlement for the amount of the policy coverage. On December 2, 1960, when counsel for Meridian was employed, he renewed and confirmed, verbally and in writing, to Lawrence the open, continuing $10,000 offer for the death claim. On January 3, 1961, the suit in Shelby County was dismissed because it had been brought prematurely against the Drury estate. On February 9, 1961, a second and timely suit was filed against this estate in the same county for $228,070.

On March 2, 1961, Meridian filed answer, offering to confess judgment in the case for the sum of $10,000, tendering into court its check, pursuant to such offer. This check was later withdrawn and the $10,000 was applied in satisfaction pro tanto the judgment recovered by appellant against the Drury estate.

On October 19, 1961, the trial of the second suit in Shelby County resulted in a judgment for appellant against the Drury estate for $71,070.

On March 13, 1962, Susan B. Drury, as executrix of the Drury estate, assigned and transferred to Ruby Harrod, administratrix of the Harrod estate "any and all claims" she had against Meridian "arising out of any bad faith or negligence, or both," exercised by Meridian, or its agents, in their negotiations with Ruby Harrod, or her attorneys, "on the claim for wrongful death of Walter Coy Harrod."

On March 14, 1962, appellant in the capacity of assignee filed suit against Meridian to recover $61,070, apparently on the theory that Meridian was guilty of a lack of good faith in not settling the death claim for $9,999, pursuant to the offer made in Lawrence's letter of October 26, 1960. On February 8, 1963, the trial court sustained Meridian's motion for summary judgment. This appeal followed.

■ Much law has been written about the duty of a liability insurer to settle or compromise a claim made against its insured. There are two lines of authority in cases where liability has been imposed in excess of the policy limits. A minority of the courts hold that negligence is the test. The majority, of which Kentucky is one, apply the "good faith" principle, whereby an insurer only becomes liable in excess of the policy limits when it acts in bad faith. See American Surety Company of New York v. J. F. Schneider & Son, Ky., 307 S.W.2d 192; Georgia Casualty Co. v. Mann, 242 Ky. 447, 46 S.W.2d 777.

■ To support a recovery it was incumbent upon appellant to allege and prove that Meridian's conduct was of such an arbitrary and reprehensible nature as to constitute bad faith. In the case of Spiegel v. Beacon Participations, Inc., 297 Mass. 398, 416, 8 N.E.2d 895, 907, it was said:

"'Bad faith' is a general and somewhat indefinite term. It has no constricted meaning. It cannot be defined with exactness. It is not simply bad judgment. It is not merely negligence.

It imports a dishonest purpose of some moral obliquity. It implies conscious doing of wrong. It means a breach of a known duty through some motive of interest or ill will. It partakes of the nature of fraud. * * * It means 'with actual intent to mislead or deceive another.' * * *"

See also Slater v. Motorists Mutual Insurance Company, 174 Ohio St. 148, 187 N.E.2d 45; Johnson v. Hardware Mutual Casualty Co., 108 Vt. 269, 286, 187 A. 788, 796.

■ We believe the conduct of Meridan was at worst no more than a failure to settle through error, or mistake, or inaction within the ten-day ultimatum period mentioned. Never at any time, in our opinion, was there a conscious, deliberate refusal to settle. On the other hand, from the very time the full amount of the policy coverage was offered, the offer was made a continuing one. The offer appears to have been rejected solely on the ground that this amount had not been tendered within the time period prescribed by appellant's counsel.

We are unable to find in Meridian's conduct a "conscious doing of wrong," or "a breach of a known duty through some motive of interest or ill will, or anything that "partakes of the nature of fraud."

■ Appellant argues that the issue of bad faith raised a factual question that should have been presented to the jury for determination. Neither Georgia Casualty Company v. Mann, supra, nor American Surety Company of New York v. J. F. Schneider & Son, supra, was held to be a jury case, because in each the trial court was able to decide as a matter of law there was no bad faith. We believe the rule that should be applied in a case such as the one before us is well stated in Tennessee Farmers Mutual Insurance Company v. Wood, 277 F.2d 21 (CA 6):

"If the proof, in the light of all of the relevant circumstances, and infer-

ences to be drawn therefrom is such as to leave a reasonable basis for disagreement among reasonable minds, the question of good faith of the insurer in the handling of the claim and conducting compromise negotiations is for the jury."

 In the light of the facts recited, we are of the opinion that the trial court correctly held as a matter of law that the case at bar raised no issue of bad faith upon the part of Meridian. As there could have been no recovery in this case upon the part of the insured, there can be none upon the part of the assignee, who stands in the same shoes.

We do not pass on the question of whether the type of claim here involved is assignable.

Wherefore, the judgment is affirmed.