**Albert G. TABBEN, Plaintiff,**

v.

**OHIO CASUALTY INSURANCE CO. and Ohio Casualty Insurance Group, Defendant.**

**No. 1216.**

United States District Court
E. D. Kentucky,
Covington Division.

Feb. 24, 1966.

Robert E. Ruberg, O'Hara & Ruberg, Covington, Ky., for plaintiff.

Henry J. Cook, Ebert, Moebus, Cook, Kirchhoff & Neisch, Ft. Thomas, Ky., for defendant.

SWINFORD, Chief Judge.

This action has been brought before the court on the defendant's motion to dispose of its defenses that the plaintiff has failed to state a claim on which relief can be granted, Federal Rule of Civil Procedure 12(b) (6), and that the plaintiff is not the real party in interest, Federal Rule 17(a). Jurisdiction is based upon diversity of citizenship. On January 26 of this year a hearing was held on this motion and at the conclusion thereof an order was entered sustaining the motion and dismissing the action at the cost of the plaintiff. This opinion is entered in support of that order.

On May 23, 1963 one of the defendant's policy holders Katherine Maley injured the plaintiff while driving her automobile. Her policy with the defendant, numbered FA 4708945, was a family automobile policy which included bodily injury liability coverage in the amount of $10,000 for one person. In accordance with the policy, Katherine Maley notified the company of the accident and it began investigations and preparations for any action brought against its insured. On March 23, 1964, plaintiff's attorney made a compromise settlement offer of $9700 to both Katherine Maley and the defend-

ant, which offer was refused by defendant. Plaintiff then filed suit against Katherine Maley in the Circuit Court, Kenton County, Kentucky and although settlement offers were made by both parties, no agreement was reached. On April 8, 1964, judgment was entered on a jury verdict against Katherine Maley in the amount of $31,825.72. After the judgment, defendant paid the plaintiff $10,000 and Katherine Maley filed a petition in bankruptcy in this Court. The plaintiff was paid $501.53 by the trustee in discharge of Katherine Maley's obligation to him. He filed this action on October 7, 1965 seeking to recover the remaining $21,324.19 of his judgment from the defendant.

■ It is well established in Kentucky that a liability insurer which exercises bad faith in refusing to settle a claim against its insured within the policy limits may become liable to the insured for amounts in excess of the policy limits. Lemons v. State Auto Mut. Ins. Co., 171 F.Supp. 92 (E.D.Ky.1959); Harrod v. Meridian Mut. Ins. Co., 389 S.W.2d 74 (Ky.1965); American Surety Co. v. J. F. Schneider & Son, 307 S.W.2d 192 (Ky. 1957); Georgia Cas. Co. v. Mann, 242 Ky. 447, 46 S.W.2d 777 (1932). Many cases such as those just cited have arisen where an insured policy holder has sought excess recovery from his insurer for a bad faith refusal to settle within the policy limits. Few cases, however, have dealt with the right of the injured judgment creditor to bring such an action directly against the insurer and the issue has not been considered by the Kentucky Court of Appeals. The Kentucky Court had an opportunity to decide whether the judgment creditor could maintain such an action in Harrod v. Meridian Mut. Ins. Co., supra, but it decided the case on its merits sustaining a lower court's summary finding of no bad faith.

■ The Constitution of the United States requires that a federal court sitting in a case solely by reason of its diversity jurisdiction determine the rights of the parties according to the law of the forum state as delineated by that state's appellate courts. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). See Hanna v. Plumer, 380 U.S. 460, 471–472, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). When the highest court of the state has recently decided the relevant issues, the federal court need not look further for controlling precedent. But where as here the relevant issues have not been determined by the state's highest court, the federal court must determine the question of state law from all available data to be found in state precedent and policy. West v. American Tel. & Tel. Co., 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940); Baldwin v. Hill, 315 F.2d 738, 741 (6th Cir. 1963). The court is not required to speculate on the basis of weak dicta what the state court's decision might be were the issues presented to it, but is free to decide what determination is most consistent with decided state law and policy. See 1A Moore, Federal Practice (Second) § 0.309; 1 Barron & Holtzoff, Federal Prac. & Pro. § 8 (Wright ed. 1960). To this end, analogous cases arising in other jurisdictions, as well as scholarly treatises and articles, may be referred to, not as binding precedent but, to find in their bases of decision or rationale are consistent with precedents in the law of the forum state. Carr v. American Universal Ins. Co., 341 F.2d 220, 223 (6th Cir. 1965).

Several cases in other states have considered the cause of action and real party in interest questions arising when an injured judgment creditor seeks to recover amounts in excess of policy coverage directly from the insurance company. Each case which has dealt with this situation under a current standard liability policy has held that the creditor has no such cause of action in his own right. See Seguros Tepeyac, S.A., Compana Mexicana, etc. v. Bostrom, 347 F.2d 168 (5th Cir. 1965) (applying Texas law); Chittick v. State Farm Mut. Auto. Ins. Co., 170 F.Supp. 276 (D.Del.1958) (applying Delaware law); Wessing v. American Indem. Co., 127 F.Supp. 775 (W.D.

Mo.1955) (applying Missouri law); Canal Ins. Co. of Greenville, S. C. v. Sturgis, 114 So.2d 469 (Fla.App.1959), aff'd., 122 So.2d 313 (Fla.1960); Francis v. Newton, 75 Ga.App. 341, 43 S.E.2d 282 (1947); Duncan v. Lumbermen's Mut. Cas. Co., 91 N.H. 349, 23 A.2d 325 (1941); Dillingham v. Tri-State Ins. Co., 214 Tenn. 592, 381 S.W.2d 914 (1964); Murray v. Mossman, 56 Wash.2d 909, 355 P.2d 985 (1960); anno., 40 A.L.R.2d 168, 195–196 (1955).

Two cases which are apparently to the contrary are Kleinschmit v. Farmers Mut. Hail Ins. Assn., 101 F.2d 987 (8th Cir. 1939) (applying Nebraska law) and Auto Mut. Indem. Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938). But, the policies which were construed there provided that after judgment and return of execution unsatisfied, the claimant could recover against the company *"to the same extent as could insured if he had paid the judgment."* This is no longer a standard policy provision; the provision involved in this policy reads:

> No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined after actual trial or by written agreement of the insured, the claimant and the company.

> Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled *to recover under this policy to the extent of the insurance afforded by this policy.* \* \* \* Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder.

The difference in result which the different policy wording causes is shown in the Florida experience. As seen above, when the policy says that the claimant can recover against the company "to the same extent as could insured if he had paid the judgment," the Florida courts allow the judgment creditor to maintain an action for the excess over the policy limits in his own right. Auto Mut. Indem. Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938). However, when the policy says that the claimant can recover "under the policy to the same extent of the insurance provided by this policy," the Florida courts say that no cause of action exists in the claimant for the excess over the policy limits in his own right. Canal Ins. Co. of Greenville, N. C. v. Sturgis, 114 So.2d 469 (Fla.App.1959), aff'd., 122 So.2d 313 (Fla.1960). This difference is noted in Chittick v. State Farm Mut. Auto. Ins. Co., 170 F.Supp. at 279–280.

The uniform result which has been reached by the courts construing the current standard liability policies has been based upon an analysis of the judgment creditor's claim itself. Those courts have held that the claim which the insured policy holder has against the insurance company for a bad faith refusal to settle within the policy limits is in its nature a tort claim, an action ex delicto. See Dillingham v. Tri-State Ins. Co., 214 Tenn. at 598, 381 S.W.2d at 917. They held that, although the insurance company owes a duty to its insured policy holder to negotiate concerning settlements in good faith, it owes no duty of good faith negotiation to the injured claimant who, with respect to the pretrial settlements, is a stranger to the relationship. The finding that a duty of care arises out of a contract which does not explicitly set forth such duty (it arises out of the provision which forbids the insured to accept a settlement offer without the company's consent on pain of losing his liability coverage) and requiring that that duty be breached to the injury of the complainant evidences tort reasoning. That the existence of a duty of care, a breach thereof and consequent injury are essential to tort liability is hornbook law. See Metropolitan Life Ins. Co. v. Tye, 295 Ky. 697, 175 S.W.2d 366 (1943); St. Mathews Bank & Trust Co. v. Mitchell, 254 Ky.

156, 71 S.W.2d 2 (1934); Restatement (Second), Torts § 4 (1965). The cases construing the standard policies now in use hold that since the insurance company owed no duty to exercise good faith on behalf of the injured judgment creditor, there can be no legal injury to him and consequently no cause of action in his own right for amounts in excess of the policy limits. Several of the cases have stated in addition that the judgment creditor has suffered no injury in fact through the insurer's failure to consider settlement offers in good faith since he has thereby gained a judgment exceeding what he would have accepted in compromise. See generally Keeton, "Liability Insurance and Responsibility for Settlement," 67 Harv.L.Rev. 1136, 1175–1177 (1954).

■ Although the Kentucky Court of Appeals has not ruled on the issues raised here, the legal principles expressed in the above cases from other jurisdictions are of general common law application and are not inconsistent with principles accepted in Kentucky law. The subject matter involved here is the wording and intent found in a standard form insurance policy and the legal relationships arising out of it. Kentucky has long exercised its police power to regulate the business of insurance and the content of policies issued in the State in order to safeguard the general public and policyholders. See Maryland Cas. Co. v. Baker, 304 Ky. 296, 200 S.W.2d 757 (1947). This policy, containing a standard provision which has been widely accepted across the country, was issued in Kentucky. This court cannot presume that it is unlawful or inoperative in Kentucky, nor that the Kentucky Court would disregard the uniform construction placed on it by courts in other states.

■ The Kentucky Court of Appeals referred to a theory of assignment in Harrod v. Meridian Mut. Ins. Co., 389 S.W.2d at 77. The plaintiff failed to allege an assignment in his complaint, but if an insured's cause of action for bad faith refusal to settle within policy limits is an assignable chose in action in Kentucky, it is no help in this action because of the proceedings in bankruptcy. See section 70(a) of the Bankruptcy Act, 11 U.S.C. § 110(a). Thus, regardless of whether whatever claim Katherine Maley may have had against the defendant could have been assigned, this plaintiff can not be the real party in interest as to such a claim. Reynolds Metals Co. v. Liberty Nat'l Bank & Trust Co., 294 S.W.2d 921, 922 (Ky.1956); Works v. Winkle, 314 Ky. 91, 234 S.W.2d 312 (1950).

Consequently, it is the opinion of the court that the defendant's motion based upon Federal Rules 12(b) (6) and 17(a) should be sustained and the action dismissed at the cost of the plaintiff. An order has been entered accordingly.