Nathan R. **STEEDLY**, Plaintiff-Appellant,

v.

The **LONDON & LANCASHIRE IN-SURANCE COMPANY, LIMITED,** Defendant-Appellee.

No. 19315.

United States Court of Appeals
Sixth Circuit.

Oct. 9, 1969.

**260**

Lawrence S. Grauman, Louisville, Ky., for appellant; Raymond C. Stephenson, Louisville, Ky., on brief.

R. O. Harmon, Louisville, Ky., for appellee; A. J. Deindoerfer, Boehl, Stopher,

Graves & Deindoerfer, Louisville, Ky., on brief.

Before McCREE and COMBS, Circuit Judges, and HOGAN, District Judge.*

McCREE, Circuit Judge.

This is an appeal from an order of the District Court granting defendant-appellee's motion for summary judgment. The motion failed to state the specific grounds on which appellee was entitled to judgment as a matter of law and unfortunately the District Judge gave no reasons in support of his ruling.[1] We can only assume, therefore, that he considered the issues which the parties raise on appeal. Both parties briefed two questions: Whether appellee, an insurer, was not liable as a matter of law to its insured for the amount of a judgment in excess of policy limits despite its refusal of several offers of settlement within those limits, and whether appellee's failure to include a claim for contribution in a third-party complaint which it filed for its insured was not negligence as a matter of law. Appellee also contends that appellant, assignee of the insured, cannot, as a matter of law, recover on either theory since the insured has paid nothing and has been released from any personal liability on the judgment against him.

In 1960, Owen Schuster, appellee's insured, received an old British military rifle from his wife as a birthday present.[2] She had purchased the gun from a second-hand dealer, Sutcliffe Company, hereinafter referred to as "Sutcliffe", after seeing an advertisement in a newspaper. Seven months later, the rifle ex-

---

* The Honorable Timothy S. Hogan, District Judge, S.D.Ohio, sitting by designation.

1. Rule 52, Fed.R.Civ.P., provides in pertinent part:
   Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules * * * 56 [summary judgment] * * *.
   The wisdom of this rule, which relieves district judges of some drudgery, is evident in cases where the questions of law are clearly identified by the motion.

It leaves much to be desired in a case like this, however, where there are many legal issues, any one of which may be dispositive of all or part of the claim and the *ratio decidendi* of the District Judge cannot be determined. *See* Gurley v. Wilson, 99 U.S.App.D.C. 336, 239 F.2d 257 (1956).

2. These facts are taken from the decision of the Kentucky Court of Appeals which is reported as Schuster v. Steedley, 406 S.W. 2d 387 (1966).

ploded when Schuster's son, under his father's supervision, fired it at a sportsmen's club. A part of the breech bolt struck the right eye of appellant, a club member who was standing nearby, and caused the loss of its sight.

Appellant brought an action in the Jefferson County Circuit Court, Louisville, Kentucky, in which he alleged that Schuster had caused the accident by negligently charging the cartridge with an excessive amount of gunpowder. Appellee, which had issued a policy of liability insurance to Schuster, thereupon undertook his defense and filed a third-party complaint against the seller, Sutcliffe, for indemnity, and alleged that the accident was caused by a defect which existed in the rifle at the time it was sold to Mrs. Schuster. Appellee subsequently rejected several offers of settlement from appellant within the limits of its policy coverage and the case went to trial.

In answer to a special interrogatory, the jury found that the accident had been caused by both the negligent overloading of the cartridge and the defective condition of the rifle and awarded a verdict of $37,100. Judgment was entered in favor of appellant against Schuster and in the same amount in favor of Schuster against Sutcliffe. On appeal, the judgment against Schuster was affirmed but the judgment against Sutcliffe was reversed and the third-party complaint was dismissed with prejudice on the ground that contribution instead of indemnity should have been pleaded.

Appellee paid the amount of its policy coverage, $10,000, to appellant. In return for a release from appellant, Schuster assigned to him the claim against appellee for its bad faith refusal of the settlement offers and for its negligent failure to plead contribution instead of indemnity in the third-party complaint. Appellant then brought this suit in the District Court as assignee of Schuster to recover the amount by which the state court judgment exceeded the limits of Schuster's policy.

The District Judge granted summary judgment against appellant based on the pleadings, certain depositions, admissions filed by appellee in response to appellant's request, and the record of the state court action. This appeal followed. Jurisdiction is based on diversity and the law of Kentucky controls. Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■ The first question is whether appellant, as Schuster's assignee, can recover against appellee for its rejection of two offers to settle the state court action for amounts within the limits of Schuster's policy coverage. Under the law of Kentucky, an insurer is not liable for refusal to settle a claim against an insured unless it acts in bad faith. Mere bad judgment or negligence on the insurer's part is not enough. Harrod v. Meridian Mutual Ins. Co., Ky.App., 389 S.W.2d 74 (1964); Terrell v. Western Casualty & Surety Co., Ky.App., 427 S.W.2d 825 (1968); American Surety Co. v. J. F. Schneider & Son, Inc., Ky.App., 307 S.W.2d 192 (1957). As stated in *Schneider:*

> No satisfactory test to determine good or bad faith in a case such as this has been formulated. * * * The insurer is interested in settling the claim at the lowest amount within the policy limit, while the insured desires to avoid any liability for the excess. These interests may conflict. * * * The insurer is not required to consult the interest of the insured to the exclusion of its own interest. * * * So long as it acts in good faith, considering the interest of the insured as well as its own, and not capriciously, an insurer cannot be required to settle a case rather than to litigate a doubtful issue or to bear the financial burden imposed on the insured if ultimate liability should exceed the policy limit. 307 S.W.2d at 195.

■ Application of these principles here convinces us that as a matter of law appellee is not liable for having refused to settle the claim against Schuster. The evidence on the issue of fault

was conflicting and did not clearly indicate that he was responsible for the accident. As the Kentucky Court of Appeals subsequently stated, "[T]he trial was a field day for the experts." Schuster v. Steedley, Ky.App., 406 S.W.2d 387, 390 (1966). Failure to settle under these circumstances may have been bad judgment, but as a matter of law it was neither capricious nor fraudulent.

The cases relied upon by appellant are inapposite. In State Farm Mutual Automobile Ins. Co. v. Marcum, Ky.App., 420 S.W.2d 113 (1967), the evidence of liability was so compelling that the court directed a verdict in favor of plaintiff, and in Terrell v. Western Casualty & Surety Co., *supra*, liability was conceded and only damages were in issue.

■ We next consider the District Court's apparent determination that as a matter of law appellee was not negligent in failing to file the third-party action against Sutcliffe for contribution as well as for indemnity. The Kentucky Court of Appeals stated that Schuster might have been able to obtain contribution from Sutcliffe of part of the judgment rendered against him, but it denied such relief because the third-party complaint sought indemnity, not contribution. Furthermore, it is clear that a claim for contribution could have been included in the third-party complaint. Jackson & Church Div., York-Shipley, Inc. v. Miller, Ky.App., 414 S.W.2d 893 (1967).

Appellee contends, however, that the decision of the state appellate court is unusual and could not have been anticipated. It argues that it decided against specifically including such a claim in the third-party complaint since it believed that contribution could be recovered without an explicit request, and because the defense strategy was to make an "all-out" attack on Sutcliffe. But, although

contribution and indemnity are similar in some respects, *see* Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165 (1949), appellee has presented no decisions from any jurisdiction which hold that contribution can be recovered even though only indemnity has been pleaded. Furthermore, at least one of the expert opinions which appellee had obtained before trial suggested that Schuster might be found responsible to some extent for the explosion of the rifle, and it is black-letter law that he would be entitled to indemnification by Sutcliffe only if the company was primarily at fault. Contribution would be the proper theory if both parties were found responsible. 41 Am.Jur.2d Indemnity § 1 (1968); 18 Am.Jur.2d Contribution § 1 (1965). We are therefore not persuaded that all reasonable men would agree that the failure to seek contribution was justifiable under the circumstances. Accordingly, this issue should have been submitted to the jury.[3]

■ Finally, we consider the effect of Schuster's release from liability on the state court judgment in return for assignment to appellant of his right of action against appellee for bad faith and negligence. Appellee claims that because of this release Schuster will never have to pay the judgment against him and that he has therefore suffered no loss. We do not agree.

If Schuster had satisfied the judgment by making full payment in cash in return for the release, appellee agrees that he could have then brought an action against it or have assigned this right. Instead, Schuster assigned his right of action, a valuable consideration, in full payment of the judgment and appellant subsequently acknowledged this fact, of record, in the state court. A release from liability was then given as a matter of course since the judgment had

3. Appellee argues that whether its failure to plead contribution was negligent must be determined in the light of the circumstances at the time this omission occurred and that, accordingly, the subsequent decision of the Kentucky Court of Appeals should not be considered. We observe, however, that this same principle also precludes appellee's reliance on the favorable action of the state trial judge as evidence of the absence of negligence.

been satisfied. Schuster's cause of action against appellee, which he had assigned to appellant, was not affected thereby.

The judgment of the District Court is reversed in part and the case is remanded for trial on the issue of negligence.