## 19889

Jesse B. WHITTINGTON, for the use of Sue Ellen McVey Smoak, Appellant, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.

(208 S. E. (2d) 529)

142

*Messrs. Kermit S. King, and Gerald D. Jowers,* of Columbia, *for Appellant,*

*Messrs. Nelson, Mullins, Grier and Scarborough,* of Columbia, *for Respondent,*

Sept. 24, 1974.

AGNEW, Acting Justice:

The Appellant Sue Ellen McVey Smoak obtained a judgment against Jesse Whittington in the amount of $20,-000 which amount was in excess of policy limits set forth. Appellant alleges that prior to final judgment being entered in that case that Appellant offered to settle the entire matter within the defendant's policy limits but the Respondent negligently and in bad faith refused to settle. Appellant further alleged that plaintiff could find no assets in the hands of Jesse Whittington sufficient to satisy the outstanding balance on the judgment, and therefore, utilizing Section 10-1721

*et seq.,* of the Code of Laws of South Carolina, in a Rule to Show Cause served upon Jesse Whittington requiring him to show cause why a claim against Nationwide Mutual Insurance Company based on the doctrine of the Tyger River case should not be prosecuted and any recovery therefrom applied to the unpaid portion of the judgment. A hearing was held on the Rule to Show Cause and an Order was issued requiring Jesse Whittington to authorize Sue Ellen McVey Smoak to institute an action against the defendant so as to realize upon the alleged claim Jesse Whittington had against defendant and to apply the proceeds of said action to the unpaid portion of Sue Ellen McVey Smoak's judgment against Jesse Whittington. The Complaint goes on to allege and specify the ways in which the defendant, Nationwide, was negligent or acted in bad faith in failing to settle the claim of Sue Ellen McVey Smoak against its insured within the policy limits.

The Complaint does not allege that Jesse Whittington ever voluntarily assigned or conveyed to Sue Ellen McVey Smoak any right or cause of action he may have had against the defendant Nationwide. The Complant does allege that the Complaint is brought pursuant to the Order of the Richland County Court and that it is brought in the name of Jesse Whittington but for the use and benefit of Sue Ellen McVey Smoak.

The defendant demurred to the Complaint of the plaintiff upon the ground that plaintiff had no capacity to maintain the action against defendant in that there was no allegation in the Complaint showing that Jesse Whittington had assigned any claim he had to her, that there was no sufficient legal relationship between Sue Ellen McVey Smoak and Jesse Whittington to authorize the maintaining of such an action and that Sue Ellen McVey Smoak had not been appointed a receiver pursuant to the provisions of Sections 10-1721 through 10-1738 of the South Carolina Code of Laws and, further, that even if Sue Ellen McVey Smoak had been appointed receiver, the alleged claim or debt owing

by defendant to Jesse Whittington was not a debt or an asset within the purview of Sections 10-1721 through 10-1738 of the South Carolina Code of Laws.

It is the opinion of this Court that the Lower Court properly sustained the demurrer since there is no authority for the bringing of this action. It is clear that Sue Ellen McVey Smoak has no independent right to maintain this action against the defendant. A tort judgment creditor of an insured may not assert any right the insured may have against his liability insurer for failing to settle a tort claim within the policy limits. *Chitty v. State Farm Mutual Automobile Ins. Co.,* 38 F. R. D. 37 (D.S.C.1965); *Chittick v. State Farm,* 170 F. Supp. 276 (D.C.Del. 1958); *Shaw v. Botens,* 278 F. Supp. 226 (M.D.Pa. 1968); *Wessing v. American Indemnity Co.* of Galveston, Texas, 127 F. Supp. 775 (D.C. Mo. 1955); and *Tabben v. Ohio Casualty Ins. Co.,* 250 F. Supp. 853 (E.D.Ky. 1961) and cases cited therein.

It is further apparent that Appellant is proceeding against the Respondent pursuant to the provisions of Section 10-1721 of the Code of Laws of South Carolina. Assuming, without deciding, that the claim here is a debt or other asset within the meaning of Sections 10-1721 through 10-1738, Sue Ellen McVey Smoak has not been appointed a receiver pursuant to Section 10-1735 which provides as follows:

"Section 10-1735. *Proceedings on claims of others to property or on denial of indebtedness*—If it appears that a person or corporation alleged to have property of the judgment debtor or indebted to him claims an interest in the property adverse to him or denies the debt such interest or debt shall be recoverable only in an action against such person or corporation by the receiver. But the judge may, by order, forbid a transfer or other disposition of such property or interest until a sufficient opportunity be given to the receiver to commence the action and prosecute it to judgment and execution. Such order may be modified or dissolved at any time by the judge granting it on such security as he shall direct."

Having concluded that the Lower Court properly held that there must be a strict compliance with the statutory requirements, it follows that since a receiver was not appointed the demurrer was properly sustained.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.